IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 14-5325
_____

JOSEPH M. ARPAIO,

                                                        Plaintiff-Appellant,

v.

BARACK OBAMA, et al.,

                                                        Defendants-Appellees.
_____

**FEDERAL APPELLEES' RESPONSE TO
MOTION FOR EXPEDITED SCHEDULING**
_____

Pursuant to FRAP 27(a)(3) and D.C. Circuit Rules 27 and 47.2, the federal appellees submit this response to appellant's motion for expedited scheduling of the appeal.[1]  We do not oppose expediting the appeal.  The briefing schedule proposed by appellant, however, does not afford the government sufficient time to brief the Court on the important constitutional and statutory issues presented by this case.  We accordingly propose that the Court establish a briefing schedule providing that the government's brief as

---

[1] The government's certificate as to parties, rulings, and related cases is attached to this response.

appellee be filed within 30 days of the filing of appellant's opening brief, and that the Court schedule oral argument on the first available date after briefing is completed.

This response is based on the following grounds:

1. The appellant is the sheriff of Maricopa County, Arizona. He has brought suit against the President of the United States and other federal officials challenging policies governing the exercise of prosecutorial discretion in enforcement of the nation's immigration laws. The complaint alleges that the President exceeded his constitutional and statutory authority in issuing these policies. Compl., ¶¶ 50-61.

2. In the district court proceedings, plaintiff sought a preliminary injunction directing the President and subordinate officials to "cease and desist and not initiate the plans for" implementing the challenged immigration policies. Pl. Mot. for Preliminary Injunction at 39. The government opposed plaintiff's motion, arguing that plaintiff had not demonstrated a likelihood of success on the merits or shown that the balance of harms and public interest warranted preliminary relief. Our opposition further explained that the plaintiff, a county law enforcement official, lacked standing to challenge federal immigration policies.

3. The district court treated the government's standing arguments as a motion to dismiss and afforded plaintiff an opportunity to file a reply brief and a supplemental declaration supporting his standing to bring suit. Slip op. at 10.

4. On December 23, 2014, the district court denied plaintiff's motion for a preliminary injunction and dismissed the case for lack of subject matter jurisdiction.

a. The court held that plaintiff lacked standing and dismissed the complaint for lack of subject matter jurisdiction. It found that "the plaintiff has not and cannot show that: (1) he suffers a concrete and particularized injury (as opposed to a speculative and generalized grievance); (2) the cause of the plaintiff's injury can be fairly traced to the challenged deferred action programs; and (3) a favorable ruling by this Court would redress the plaintiff's alleged injury." Slip op. at 29.

b. The district court also concluded that, even assuming plaintiff could establish standing, he had not satisfied the standards for granting a preliminary injunction. The court found that the challenged policies continue a longstanding practice of discretion in the enforcement of the nation's immigration laws and are consistent with congressional policy. Slip op. at 31. It reasoned that plaintiff could not claim to suffer irreparable harm

in the absence of an injunction; plaintiff had even waited two years to challenge one of the pertinent policies. Slip op. at 33. And it concluded that the balance of equities and public interest do not support preliminary relief because halting the programs would inhibit the government's ability to give priority to enforcement actions that would promote national security, border security, and public safety and upset the expectations of aliens eligible to participate in the challenged programs. *Ibid*.

5. Plaintiff filed a notice of appeal to this Court on December 23, 2014, and, on January 6, 2014, filed a motion to expedite the appeal. The motion for expedition requests a scheduling order directing that plaintiff's opening brief be filed by January 29, 2014, and that the government's brief as appellee be filed 11 days later, on February 9, 2014.

6. Although we disagree with plaintiff's assertions regarding the nature and validity of the challenged immigration policies, the government does not oppose expediting this appeal. We propose, however, that the government be afforded 30 days from the filing of the plaintiff's opening brief in which to file its brief as appellee. The case has been brought by a local law enforcement officer who disagrees with federal immigration policy and seeks to raise issues concerning the scope of the Executive's power to exercise discretion in the enforcement of the nation's immigration laws. A

4

30-day response time is necessary to afford the government adequate time to fully brief these issues for the Court's consideration.

At the same time, plaintiff has not demonstrated a basis for compelling the government to submit a brief on the highly abbreviated schedule proposed in his motion. The district court held that the balance of harms and public interest weigh decidedly against enjoining implementation of the challenged policies during the pendency of the litigation, particularly in light of the plaintiff's lack of standing. Similar reasons weigh against adopting the abbreviated briefing schedule proposed by plaintiff.

7. We accordingly propose that the Court adopt the following schedule for expediting this appeal:

a. Plaintiff's opening brief shall be due on January 29, 2015 – the date proposed by plaintiff in his motion for expedition.

b. The government's brief shall be due on Monday, March 2, 2015 (as the 30th day after plaintiff's proposed filing date is a Saturday).

c. The plaintiff's reply brief shall be due no later than 14 days after the filing of the government's brief as appellee.

d. The Court shall schedule oral argument on the first available date after briefing is completed.

## CONCLUSION

To the extent the Court expedites the appeal, it should establish the briefing and argument schedule proposed in paragraph 7 above.

Respectfully submitted,

/s/ Jeffrey Clair

Scott R. McIntosh
Scott.McIntosh@usdoj.gov
(202) 514-4052

Jeffrey Clair
Jeffrey.Clair@usdoj.gov
(202) 514-4028

William Havemann
William.E.Havemann@usdoj.gov
(202) 514-8877

## CERTIFICATE OF SERVICE

I certify that on January 9, 2015, I electronically filed the foregoing response to appellant's motion for expedited scheduling using the Court's CM/ECF system, which constitutes service under the Court's rules.

/s/ Jeffrey Clair

jeffrey.clair@usdoj.gov
(202) 514-4028

# ATTACHMENT

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

A.  <u>Parties and Amici.</u>

Plaintiff-Appellant is Joseph M. Arpaio, Sheriff of Maricopa County, Arizona.  The Defendants-Appellants are Barack Obama, President of the United States, Jeh Johnson, Secretary of Homeland Security, Leon Rodriguez, Director of U.S. Citizen and Immigration Services, and Eric Holder, Jr., Attorney General.

B. <u>Rulings under Review</u>.

Appellant seeks review of the district court's opinion and order denying a motion for preliminary injunction and dismissing the case for lack of jurisdiction in *Arpaio* v. *Obama, et al.*, No. 14-01966 (D.D.C. Dec. 23, 2014).

C.  <u>Related Cases.</u>

This matter has not previously been before this Court.  A suit challenging some of the same policies at issue in this appeal is pending in the United States District Court for the Southern District of Texas.  *See State of Texas*, *et al.* v. *United States*, *et al.*, No. 1-14-CV-254 (S.D. Tex.).

<u>/s/ Jeffrey Clair, Attorney</u>
U.S. Dept. of Justice
jeffrey.clair@usdoj.gov
(202) 514-4028